UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ILENE DUSSIA,

    Plaintiff,

 -vs-                                                 Case No.
                                                           Hon.

DISCOVER BANK,
JP MORGAN CHASE BANK  (N.A.)
DAVIDAN CORPORATION,
EDGEMONT PRODUCTIONS, LLC, and
AUTOMATED BUSINESS GROUP, LLC,

    Defendants.

## COMPLAINT & JURY DEMAND

**THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.**

### Jurisdiction

1. This action is brought for violations of the Fair Credit Billing Act, 15 U.S.C. § 1666 and regulation Z issued thereunder.

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

3. This Court has jurisdiction to issue a declaratory judgment under 28 U.S.C. § 2201.

4. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

**Parties**

5. The Plaintiff to this lawsuit resides in Monroe, Michigan in Monroe County.

6. DISCOVER BANK, N.A. is an entity doing business in Michigan extending open-ended credit to consumers..

7. JP MORGAN CHASE BANK, N.A. is an entity doing business in Michigan extending open-ended credit to consumers.

8. DAVIDAN CORPORATION, is an Arizona corporation doing business in Michigan.

9. EDGEMONT PRODUCTIONS, LLC, is an Arizona corporation doing business in Michigan.

10. AUTOMATED BUSINESS GROUP, LLC, is an Arizona corporation doing business in Michigan.

11. At all times relevant, DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC all worked in concert to induce consumers to enter into business opportunity scams.

12. At all relevant times, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC profited or retained money it received as a result of the fraudulent scheme of DAVIDAN CORPORATION.

**Venue**

13. The transactions and occurrences which give rise to this action occurred in Monroe County and in the City of Monroe.

14. Venue is proper in the Eastern District of Michigan.

**General Allegations**

15. In February of 2009, the Plaintiff inquired as to a business opportunity/franchise offered by DAVIDAN CORPORATION.

16. Under the terms of the franchise agreement, the Plaintiff would sign an exclusive contract with DAVIDAN CORPORATION for the sale or lease of credit card processing machines provided by DAVIDAN CORPORATION.

17. For a fee, DAVIDAN CORPORATION would provide leads in the form of "blasts."

18. DAVIDAN CORPORATION charged $1.00 to $1.50 per blast and promised Plaintiff an average 2% return on the leads; in other words, for 10,000 blasts, DAVIDAN CORPORATION promised that, on average, the Plaintiff would be able to sell about 200 machines at a profit of $500.00 each as well as a small percentage of any of the charges made on the machines sold or leased.

19. DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC all induced the Plaintiff to spend $25,500.00 by promising her she would make $100,000.00 per year if she would invest money in their business opportunity.

20. When DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC promised Mrs. Dussia that she would make $100,000.00 per year, they knew that such a promise was false and they knew that Mrs. Dussia would rely on the promise to her detriment.

21. On March 9, 2009, Plaintiff paid $500.00 to DAVIDAN CORPORATION using her credit card from JP MORGAN CHASE BANK (N.A.).

22. Plaintiff paid $5,000.00 to EDGEMONT PRODUCTIONS, LLC, using her credit card from JP MORGAN CHASE BANK (N.A.).

23. On March 11, 2009, Plaintiff paid $5,000.00 to AUTOMATED BUSINESS GROUP, LLC using her credit card from JP MORGAN CHASE BANK (N.A.).

24. On March 13, 2009, Plaintiff paid $15,000.00 to AUTOMATED BUSINESS GROUP, LLC using her credit card from DISCOVER BANK (N.A.).

25. Mrs. Dussia received no "leads" from the alleged "blasts."

26. Mrs. Dussia made no money from her $25,500.00 investment nor did she receive the opportunity to even a penny of her investment.

27. Mrs. Dussia relied, to her detriment, on the representations of DAVIDAN CORPORATION.

28. At all relevant times, DISCOVER BANK, N.A., in the ordinary course of business, regularly extended open-ended consumer credit on which Defendant assessed finance charges.

29. At all relevant times, JP MORGAN CHASE BANK, N.A., in the ordinary course of business, regularly extended open-ended consumer credit on which Defendant assessed finance charges.

30. Beginning with the statement with a closing date of March 27, 2009, the charges from EDGEMONT PRODUCTIONS, LLC began appearing on Plaintiff's DISCOVER BANK, N.A. statement.

31. Beginning with the statement with a closing date of April 1, 2009, the charges from DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC began appearing on Plaintiff's DISCOVER BANK, N.A. statement.

32. Because these charges from DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC were induced by fraud, Plaintiff was not responsible for these charges.

33. The transactions underlying the charges from DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC were in violation of the Michigan Franchise Act, M.C.L. §1501 *et seq.*

34. Because the transactions underlying the charges from DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC were in violation of the Michigan Franchise Act, M.C.L. §1501 *et seq.*, the charges were void and unenforceable.

35. Within 60 days after transmission of the statement, plaintiff sent a notice disputing the charges to DISCOVER BANK, N.A. at the appropriate address set forth on the statement.

36. Since DISCOVER BANK, N.A. did not, within 30 days after receiving notice, investigate and correct or explain the charge, DISCOVER BANK, N.A. was required by 15 U.S.C § 1666(a)(3)(A) to send Plaintiff a written acknowledgment of its receipt of Plaintiff's notice within that period; upon information and belief, Defendant failed to send this acknowledgment.

37. DISCOVER BANK, N.A. did not, within two complete billing cycles after receipt of the notice, either correct the error and transmit to Plaintiff a notification of the corrections or investigate the error and send Plaintiff a written explanation.

38. Despite its receipt of Plaintiff's billing error notice, and before meeting the requirements of 15 U.S.C. § 1666 to either correct the error or investigate and send an explanation of the charges, DISCOVER BANK, N.A. made or threatened to make an adverse credit report regarding Plaintiff.

39. Despite its receipt of Plaintiff's billing error notice, and before meeting the requirements of 15 U.S.C. § 1666 to either correct the error or investigate and send an explanation of the charges, DISCOVER BANK, N.A. took action to collect the disputed amount by contacting Plaintiff or sending Plaintiff notices demanding payment.

40. Plaintiff has suffered damages as a result of DISCOVER BANK, N.A.'s violations of the Fair Credit Billing Act.

41. Within 60 days after transmission of the statement, plaintiff sent a notice disputing the charges to JP MORGAN CHASE BANK, N.A. at the appropriate address set forth on the statement.

42. Since JP MORGAN CHASE BANK, N.A. did not, within 30 days after receiving notice, investigate and correct or explain the charge, JP MORGAN CHASE BANK, N.A. was required by 15 U.S.C § 1666(a)(3)(A) to send Plaintiff a written acknowledgment of its receipt of Plaintiff's notice within that period; upon information and belief, Defendant failed to send this acknowledgment.

43. JP MORGAN CHASE BANK, N.A. did not, within two complete billing cycles after receipt of the notice, either correct the error and transmit to Plaintiff a notification of the corrections or investigate the error and send Plaintiff a written explanation.

44. Despite its receipt of Plaintiff's billing error notice, and before meeting the requirements of 15 U.S.C. § 1666 to either correct the error or investigate and send an explanation of the charges, JP MORGAN CHASE BANK, N.A. made or threatened to make an adverse credit report regarding Plaintiff.

45. Despite its receipt of Plaintiff's billing error notice, and before meeting the requirements of 15 U.S.C. § 1666 to either correct the error or investigate and send an explanation of the charges, JP MORGAN CHASE BANK, N.A. took action to collect the disputed amount by contacting Plaintiff or sending Plaintiff notices demanding payment.

46. Plaintiff has suffered damages as a result of JP MORGAN CHASE BANK, N.A.'s violations of the Fair Credit Billing Act.

**COUNT I – Fair Credit Billing Act Violation (DISCOVER BANK, N.A.)**

47. Plaintiff hereby incorporates all the facts and allegations set forth previously as if fully set forth herein.

48. DISCOVER BANK, N.A. has violated the Fair Credit Billing Act, 15 U.S.C. § 1666.

49. Plain tiff has suffered actual and statutory damages as a result of DISCOVER BANK, N.A.'s violations of the Fair Credit Billing Act, 15 U.S.C. § 1666.

**COUNT II – Fair Credit Billing Act Violation (JP MORGAN CHASE BANK, N.A. )**

50. Plaintiff hereby incorporates all the facts and allegations set forth previously as if fully set forth herein.

51. JP MORGAN CHASE BANK, N.A. has violated the Fair Credit Billing Act, 15 U.S.C. § 1666.

52. Plain tiff has suffered actual and statutory damages as a result of JP MORGAN CHASE BANK, N.A.'s violations of the Fair Credit Billing Act, 15 U.S.C. § 1666.

## COUNT III – FRAUD IN THE INDUCEMENT

## (DAVIDAN CORPORATION,

## EDGEMONT PRODUCTIONS, LLC, and

## AUTOMATED BUSINESS GROUP, LLC)

53. Plaintiff hereby incorporates all the facts and allegations set forth previously as if fully set forth herein.

54. The DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC have engaged in conduct intended to defraud Plaintiff into entering a contract which Plaintiff either did not understand or was coerced into signing under false pretenses which the Plaintiff relied upon reasonably.

55. The DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC have fraudulently and without justification withheld material information regarding the contract between the parties, the cost and/or financing, and what exactly Plaintiff would receive for Plaintiff's consideration, all resulting in inducing Plaintiff into the contract, and which, if known by Plaintiff, would have resulted in no consummation of the contract.

56. Plaintiff relied on DAVIDAN CORPORATION's, EDGEMONT PRODUCTIONS, LLC's, and AUTOMATED BUSINESS GROUP, LLC's false representations and was duped into entering into the agreement.

57. The conduct of DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC was designed and intended to induce Plaintiff into consummating the agreement under false pretenses.

58. Plaintiff was, in fact, induced into entering the agreement described above, and suffered damages as a result.

## COUNT IV – MISREPRESENTATION

## (DAVIDAN CORPORATION,

## EDGEMONT PRODUCTIONS, LLC, and

## AUTOMATED BUSINESS GROUP, LLC)

59. Plaintiff hereby incorporates all the facts and allegations set forth previously as if fully set forth herein.

60. DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC made material representations which were false.

61. The material representations were intended to induce the reliance of Plaintiff.

62. The material representations did induce the reasonable reliance of Plaintiff.

63. DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC made the material representations with actual knowledge of their falsity.

64. DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC made the material representations with reckless disregard to their truth or falsity.

65. DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC made the material representations even though it should have known that they were false.

66. These actions constitute misrepresentations upon Plaintiff by DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC.

67. Plaintiff has suffered damages as a result of these misrepresentations.

### COUNT V – BREACH OF CONTRACT (DAVIDAN CORPORATION)

68. Plaintiff hereby incorporates all the facts and allegations set forth previously as if fully set forth herein.

69. The agreement between the Plaintiff and DAVIDAN CORPORATION as set forth herein constituted an enforceable contract.

70. Plaintiff performed fully under the terms of the contract and under those terms were entitled to full performance by the DAVIDAN CORPORATION.

71. DAVIDAN CORPORATION breached the contract between the parties.

72. Plaintiff has suffered damages as a result of Defendants' breach of contract.

### COUNT VI – VIOLATION OF M.C.L § 445.1501 et seq.

### (DAVIDAN CORPORATION,

### EDGEMONT PRODUCTIONS, LLC, and

### AUTOMATED BUSINESS GROUP, LLC)

73. Plaintiff hereby incorporates all the facts and allegations set forth previously as if fully set forth herein.

74. The transactions underlying the $25,500.00 in charges were in violation of the Michigan

Franchise Act, and, as such, they are void.

75. Plaintiff is entitled to the return of all of her money.

## COUNT VII – VIOLATION OF M.C.L § 445.901 et seq.

## (DAVIDAN CORPORATION,

## EDGEMONT PRODUCTIONS, LLC, and

## AUTOMATED BUSINESS GROUP, LLC)

76. Plaintiff hereby incorporates all the facts and allegations set forth previously as if fully set forth herein.

77. The facts set forth in this complaint establish that DAVIDAN CORPORATION, EDGEMONT PRODUCTIONS, LLC, and AUTOMATED BUSINESS GROUP, LLC. have violated one or more of the provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1).

78. Plaintiff has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## Demand for Jury Trial

79. Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY,* Plaintiff requests *that this Court:*

a. *Award actual damages.*

b. *Award statutory damages.*

c. *Award exemplary damages.*

d. *Award costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

By:    <u>s/ Adam G. Taub</u>
        Adam G. Taub (P48703)
        Attorney for Ilene Dussia
        18930 West 10 Mile Rd. Suite 2500
        Southfield, MI 48075
        Phone: (248) 746-3790
        Email: adamgtaub@clgplc.net

Dated: October 7, 2009